## W. A. STUART, RECEIVER, *v.* R. M. HATHAWAY.

[Abstract Kentucky Law Reporter, Vol. 4—438.]

**Liability of Sureties on Administrator's Bond.**
The sureties on an administrator's bond are not liable for the proceeds of land sold under a decree or judgment although sold at the instance of the administrator.

**Obligation of Sureties on Administrator's Bond.**
The obligation of sureties on the bond of an administrator is to answer for the personal assets that come or ought to have come to the hands of the administrator and their liability can not be enlarged without their consent.

### APPEAL FROM DAVIESS CIRCUIT COURT.

November 16, 1882.

OPINION BY JUDGE PRYOR:

It is not necessary to determine many of the questions raised by the appeal as, in our opinion, the decision of the case must depend upon the question as to whether the appellee is liable for the proceeds of the land collected by Ray as the administrator of Pope. The legal effect of the bond upon which the appellee is sought to be made liable as the surety of Ray was determined by this court

in the case of *Commonwealth v. Ray,* Mss. Opin., delivered in April, 1878. The bond is that usually given by an administrator binding the obligors to answer for the personal assets that come or ought to have come to the hands of the administrator, and under such a bond, as decided by this court in the case cited, the surety is not liable for the proceeds of land sold under a decree or judgment although at the instance of the administrator. The administrator as such is not entitled to the money nor is it usual to direct its payment to him unless he is designated as the special receiver, and then his bond as receiver creates the liability as to the surety and not his bond as administrator. It does not appear that the administrator was ever authorized to collect this money or that he was ever made the receiver or that he sold the land, but on the contrary we infer from the record that the land was sold by the commissioner and the notes made payable to him, but whether so or not the surety is no more liable under such a bond for the proceeds of the sale of the land than he would be for the rents. See *Wilson v. Unselt,* 12 Bush (Ky.) 215. Nor is the surety estopped by reason of the judgment against the principal in the bond from making his defense. The judgment is against Ray and not against the surety, and while the surety may have been a party to the action and excepted to the commissioner's report of settlement, so far as Ray is concerned he was properly charged with all the moneys he received, whether from land or other sources, belonging to the estate, and the overruling of the exceptions was only a judgment to the effect that Ray was liable and not the surety as no judgment was obtained against the surety, and none asked, so far as appears from this record. This purports to be an action in the name of the receiver under an order of court on a judgment obtained against the principal and for which the surety is attempted to be made liable, or if regarded as more properly an action on the bond with the judgment against the principal offered as conclusive evidence of the surety's liability, still the defense may be made and the surety will be allowed to show that he is not responsible, although his principal may be. While Ray, the principal, may not have received this money in his official capacity, he will not be allowed to say that his responsibility never attached because the money ought to have been paid to another or to himself as receiver. If he received the money he is liable for it, but not so with his surety. The latter is bound by the terms of his covenant and his liability can not be enlarged without his consent.

Now it is apparent from the record that the personal assets have been accounted for, and it is equally apparent, that Ray in his settlement was charged with the proceeds of the sale of this land and that this constituted the basis of the judgment against him, and it is immaterial whether paid to him by the purchaser or under an order of the court, the surety is not responsible for it. There may be some conflict in the proof as to the payment of debts by the administrator so as to exhaust the personal assets and while we are satisfied the personal assets were accounted for by him, this court in a suit to enforce the judgment obtained against the principal will not dissect that judgment with a view of finding what fragmentary portions of it can be charged to the account of the surety. In an action showing the liability of the surety, by reason of the failure to account for the personalty, such questions would be the proper subject of inquiry.

Judgment below *affirmed*.

*Williams & Brown, R. W. Slack, for appellant.*

*W. N. Sweeney & Son, for appellee.*